UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

NARRAGANSETT INDIAN TRIBE,
ACTING BY AND THROUGH THE
NARRAGANSETT INDIAN TRIBE
TRIBAL COUNCIL

C.A. No

V.

MATTHEW THOMAS

# VERIFIED MOTION OF THE NARRAGANSETT INDIAN TRIBE FOR A TEMPORARY RESTRAINING ORDER

## PRELIMINARY STATEMENT

1. This is an emergency motion brought by the Narragansett Indian Tribe ("NIT"), by and through the Narraganset Indian Tribe Tribal Council ("Tribal Council") to enjoin Matthew Thomas and all persons acting on his behalf, from conducting any and all business on behalf of NIT.

## JURISDICTION

2. This action arises under the Rhode Island Indian Claims Settlement Act (the Settlement Act) 25 U.S.C. §§ 1701-1716 & 28 U.S.C. 1332.

## PARTIES

3. Plaintiff, NIT Tribal Council, is a duly created governing body, created under the Constitution and By-laws of NIT and elected by the members of NIT to lead and govern the tribal members, as well as adhere to Traditional, Cultural, and organic lore/law.

4. Defendant, Matthew Thomas ("Defendant Thomas"), is a member of NIT and former Chief Sachem.

## GENERAL ALLEGATIONS

5. On October 1, 2016, pursuant to the Constitution and By-laws of NIT, Tribal Council impeached Defendant Thomas, effectively terminating his employment with NIT and removing him as Chief Sachem.

6. The impeachment process followed every applicable internal rule, policy, and procedure that NIT has promulgated through its own self-governing powers.

7. The impeachment immediately relieved Defendant Thomas of his duties and obligations as Chief Sachem and immediately revoked any authority Defendant Thomas had to conduct business on behalf of NIT.

8. Defendant Thomas has refused to turn over the necessary paperwork and access to Tribal Council so that they may oversee tribal operations and begin the process of electing a new Chief Sachem.

9. Defendant Thomas continues to conduct tribal business, including but not limited to: illegally creating tribal government groups and appointing members of the tribe to such groups, relinquishing certain powers of a Chief Sachem to members of the tribe not eligible to have such powers, and receiving and authorizing the expenditure of tribal funds.

## RELIEF REQUESTED

10. A temporary restraining order is necessary to preserve the *status quo*, to prevent irreparable injury to the tribe and to the public that would result from the illegitimate and unauthorized activities of the impeached Defendant Thomas, and those acting on his behalf, and to allow the Court to render effective relief if the Plaintiff prevails at trial.

11. Plaintiff will have no adequate remedy at law, or otherwise.

12. This Court's ability to fashion effective relief would be significantly impaired if the continued usurpation proceeds but is found, after trial, to be unlawful.

13. Any harm to Defendant Thomas from enjoining the continued usurpation would be outweighed by the effects of detriment to the tribe's ability to self-govern, contract with State and Local governments, to receive and/or recover funds, to remove NIT from obligations it will be legally bound to because of the unauthorized actions of Defendant Thomas.

14. Granting the requested preliminary relief will serve the public interest.

15. Plaintiff will submit supporting memorandum and materials subsequent to filing this motion.

## NOTICE

16. Pursuant to Rule 65 of the Federal Rules of Civil Procedure, undersigned counsel for the plaintiff respectfully certifies to the Court that on November 17, 2016, Plaintiff's counsel attempted to provide notice by telephone of its intention to seek a temporary restraining order in this matter. Plaintiff's counsel was unable to reach Defendant and is unaware of any counsel representing Defendant.

17. Plaintiff will also file a Complaint for declaratory and injunctive relief requesting that the Court issue a preliminary injunction restraining Defendant Thomas, and all acting on his behalf from proceeding with their illegitimate usurpation of tribal authority pending final determination of the merits of this case.

**WHEREFORE,** the Narragansett Indian Tribe Tribal Council respectfully prays that the Defendant and anyone acting on his behalf be temporarily restrained from conducting business on behalf of the Narragansett Indian Tribe, from entering into or carrying out and agreement or arrangement by which the Narragansett Indian Tribe is an involved party, pending final adjudication of the merits of the Complaint.

Dated: November 17, 2016

        Respectfully submitted,
        TRIBAL COUNCIL OF THE
        NARRAGANSETT INDIAN TRIBE

        By and through its council,

        /s/ MISTY G DELGADO, ESQ.

        _____
        Misty G. Delgado, Esquire (#8802)
        127 Dorrrance Street, 4th Floor
        Providence, RI 02903
        Tel: (401) 272-2726
        Fax: (401) 633.6488
        Mdelgado184@gmail.com

## **VERIFICATION**

I, DOMINGO MONROE, FIRST COUNCILMAN FOR THE NARRAGANSETT INDIAN TRIBE TRIBAL COUNCIL, STATE UNDER OATH THAT I HAVE REVIEWED THE ABOVE MOTION AND TO THE BEST OF MY KNOWLEDGE, ALL FACTS HEREIN ARE TRUE.

        /S/ DOMINGO MONROE
        _____
        DOMINGO MONROE

Subscribed and sworn before me this 17TH day of November, 2016.

        Notary Public _____
        Commission Expires: 11.10.18