UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

_____
                                    )
NARRAGANSETT INDIAN TRIBE           )
TRIBAL COUNCIL                      )
    Plaintiff,                      )
                                    )
v.                                  )   C.A. No. 16-cv-622-M
                                    )
MATTHEW THOMAS,                     )
    Defendant.                      )
_____ )

ORDER DENYING REQUESTS FOR
TEMPORARY RESTRAINING ORDERS

The principals of tribal sovereignty and right to self-determination guide this Court.

As a federal district court, this court is a court of limited jurisdiction, and it has a sua sponte duty to ensure the existence of jurisdiction. *United States v. Univ. of Massachusetts, Worcester*, 812 F.3d 35, 44 (1st Cir. 2016). Now, "[t]ribal sovereign immunity 'predates the birth of the Republic.'" *Ninigret Dev. Corp. v. Narragansett Indian Wetuomuck Hous. Auth.*, 207 F.3d 21, 29 (1st Cir. 2000) (quoting *Rhode Island v. Narragansett Indian Tribe*, 19 F.3d 685, 694 (1st Cir. 1994)). "[This] immunity rests on the status of Indian tribes as autonomous political entities, retaining their original natural rights with regard to self-governance." *Id.* "An Indian tribe's sovereign immunity may be limited by either tribal conduct (i.e., waiver or consent) or congressional enactment (i.e., abrogation)." *Narragansett Indian Tribe v. Rhode Island*, 449 F.3d 16, 25 (1st Cir. 2006).

The Narragansett Indian Tribe cites the Rhode Island Indian Claims Settlement Act as the jurisdictional hook for the instant action. Section 1708(a) of the Rhode Island Indian Claims Settlement Act subjects the settlement lands to the criminal and civil laws of Rhode Island and bestows jurisdiction to the State of Rhode Island. 25 U.S.C. § 1708(a). Section 1711 confers

jurisdiction to the District Court for the District of Rhode Island for constitutional challenges to the Act. Neither of these provisions is relevant to the underlying governance dispute culminating from a tribal judge's order. Furthermore, the First Circuit, in interpreting the jurisdictional scope of the Rhode Island Indian Claims Settlement Act, stated, "We recognize that the Tribe may continue to possess some degree of autonomy 'in matters of local governance,' including . . . the regulation of domestic relations." *Narragansett Indian Tribe*, 449 F.3d at 26. This Court finds elections and related judicial orders the archetypal function of self-governance.

Consequently, the Court lacks jurisdiction and, therefore, DENIES both requests for Temporary Restraining Orders (ECF Nos. 2 and 8). The parties shall show cause why this matter should not be dismissed for lack of subject matter jurisdiction on or before January 13, 2017.

IT IS SO ORDERED.

_____
John J. McConnell, Jr.
United States District Judge
December 22, 2016